IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LORENZO GLENN | § | |
|     TDCJ-CID # 1732823 | § | |
| v. | § | C.A. NO. C-12-237 |
| | § | |
| WARDEN M. BARBER, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN ACTION
AND TO DENY THE MOTION FOR PRELIMINARY INJUNCTION**

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court retain plaintiff's failure to protect claims against Major Castro, Lieutenant L. Todd, and Lieutenant Wilson in their individual capacities, and that service be ordered on these individuals. It is respectfully recommended further that plaintiff's remaining claims against the remaining defendants be dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b)(1), and that plaintiff's claim for a preliminary injunction be denied as moot as to the McConnell Unit defendants.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff Lorenzo Glenn is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Ferguson Unit in Midway, Texas, although his complaint involves events that arose while he was confined at the McConnell Unit in Beeville, Texas.  He filed this action on July 18, 2012, alleging that defendants violated his Eighth Amendment rights pursuant to the United States Constitution when, beginning in April 2012, they continued to house him in a "hostile area" with an offender that had repeatedly threatened him, ultimately resulting in plaintiff being assaulted, and also receiving a disciplinary case for fighting.  (D.E. 1).  He named the following individuals as defendants: (1) Lieutenant L. Todd; (2) Major E. Castro; (3) Warden M. Barber; (4) Lieutenant Wilson); (5) Captain Benavidez; and (6) Grievance Investigator Castaneda.  Id.

On July 17, 2012, plaintiff was transferred off the McConnell Unit to the Ferguson Unit, and on August 22, 2012, he filed a motion for a preliminary injunction alleging that the Ferguson Unit was "95% gang affiliated" and that he was not safe there.  (D.E. 10).  On September 4, 2012, plaintiff filed a supplement to his original complaint alleging that officials at the Ferguson Unit were failing to protect him.  (D.E. 12).

2

On September 6, 2012, a <u>Spears</u>[1] hearing was conducted. The following allegations were made in plaintiff's original complaint, or at the hearing.

Plaintiff is not in a gang. Sometime in April 2012, he lost a monetary bet with an inmate named Raymond Young, who is a member of the Crips gang.

On April 6, 2012, Mr. Young began pressuring plaintiff for the money and threatened to throw him over the fence. He also had numerous other inmates who "worked" for him in the same housing area, and they also began pressuring and threatening plaintiff. In response, plaintiff filed a life in danger complaint. An Offender Protection Investigation was opened, and he was moved to protective housing while Lieutenant Todd investigated his claims. Lieutenant Todd concluded that his claims could not be substantiated.

On April 13, 2012, plaintiff went before a Unit Classification Committee that included Major E. Castro. She did not ask plaintiff any relevant questions nor did she seem concerned about his safety, dismissing his allegations that he needed protection. She ordered that he be returned to his previous housing area. Plaintiff refused the housing assignment because it would place him near Mr. Young. Consequently, he received a disciplinary case for failure to move, and was moved to pre-hearing segregation in 8 Building.

On April 17, 2012, plaintiff filed a grievance complaining about the initial Offender Protection Investigation, which generated a second investigation conducted by Lieutenant Wilson. He determined that plaintiff's life in danger claims were unsubstantiated and that he could be returned to his previous housing. Warden Barber denied plaintiff's grievance challenging Lieutenant Wilson's findings and decision.

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985); <u>see also</u> <u>Eason v. Holt</u>, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a <u>Spears</u> hearing is incorporated into the pleadings).

On April 20, 2012, plaintiff was returned to his previous housing area. On that same day on his way to the dining hall, Mr. Young attacked plaintiff, and he was forced to defend himself. After the altercation, both of them were taken to the infirmary and treated for mild injuries. Thereafter, plaintiff was given a disciplinary case for fighting, and placed in solitary confinement. He does not know if Mr. Young also received a disciplinary case.

Plaintiff filed a grievance challenging the disciplinary case. When he later checked on the status of this grievance, defendant Castaneda told him that there was no record of this grievance in the computer.

On May 2, 2012, plaintiff was released from solitary confinement. On May 31, 2012, he was ordered to move back to the hostile area near Mr. Young. He again refused and was sent instead to another dorm. On June 27, 2012, defendants again tried to move plaintiff back to the area near Mr. Young.

On July 17, 2012, plaintiff was transferred off the McConnell Unit to the Ferguson Unit. Since arriving at the Ferguson Unit, numerous inmates have confronted him on behalf of Mr. Young. (D.E. 12). He does not feel safe at the Ferguson Unit.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487

U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.      Plaintiff's Claims Against Defendants In Their Official Capacities Are Barred.**

Plaintiff claims to be suing defendants in their official and individual capacities. The Eleventh Amendment bars claims against a state filed pursuant to § 1983. Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 875 n.9 (5th Cir. 1991)). "Section 1983 does not waive the state's sovereign immunity." Id. (citing Quern v. Jordan, 440 U.S. 332, 338 n.7 (1979)). "Texas has not consented to this suit." Id. (citing Emory v. Texas State Bd. of Med. Exam'rs, 748 F.2d 1023, 1025 (5th Cir. 1984)). A suit against a state official in his or her official capacity is a suit against the official's office, and consequently, "it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted).

To the extent plaintiff is suing a defendant in his or her individual capacity, that claim is effectively, one against the State of Texas, and as such, is barred by the Eleventh Amendment. Therefore, it is respectfully recommended that plaintiff's claims for money damages against a defendant in his or her official capacity be dismissed with prejudice.

**C.     Plaintiff's Eighth Amendment Claims Are Retained.**

Plaintiff maintains that defendants violated his Eighth Amendment rights because they were deliberately indifferent to his health and safety when they ordered him to be housed with Mr. Young over his protests.

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend. VIII.  Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992).  Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety.  Farmer, 511 U.S. at 834.  Deliberate indifference is more than mere negligence.  Id. at 835.  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id. at 837.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners.  Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer, 511 U.S. at 832).  Moreover, a prisoner does not have to "await the consummation of threatened injury to obtain preventive relief."  Farmer, 511 U.S. at 845 (citation omitted).  A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of

6

serious harm and disregards that risk by failing to take reasonable measures to abate it. Cantu, 293 F.3d at 844 (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835. Only deliberate indifference will suffice to state a failure to protect claim; mere negligence is not sufficient. See id.; see also Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

For purposes of § 1915A, plaintiff has asserted sufficient facts that, if true, state a cognizable claim for failure to protect against Lieutenant Todd, Major Castro, and Lieutenant Wilson. As to each of these defendants, he claims that he advised them of the conflict between himself and Mr. Young. Moreover, he explained that Mr. Young had other inmates who also pressured and threatened him. Despite his protestations, neither Lieutenant Todd nor Lieutenant Wilson found plaintiff's claims "substantiated," and Major Castro declined to listen to plaintiff or ask him questions at the Unit Classification Committee meeting. He testified that his claims were not adequately investigated nor considered. Thus, these individuals were advised of a serious risk to plaintiff's safety, yet ignored that risk when they simply returned him to his original housing area rather than find other arrangements within the McConnell Unit. Accordingly, it is respectfully recommended that the Court retain plaintiff's failure to protect claims against Lieutenant Todd, Major Castro, and Lieutenant Wilson, and that service be ordered on these individuals.

**D.      Plaintiff's Claims Regarding The Investigation Of His Grievances Are Dismissed For Failure To State A Claim.**

Plaintiff contends that Warden Barber failed to protect him because he denied plaintiff's grievance complaining about the first Offender Protection Investigation. However, as the warden of a large prison, this defendant is entitled to rely on the work and opinions of his subordinates. See Johnson v. Johnson, 385 F.3d 503, 526 (5th Cir. 2004) (given the size of the prisons, it is not unreasonable for supervisory officials to discharge their duties by referring matters to others). Moreover, plaintiff has no constitutional right to have his grievances investigated, let alone answered in his favor. Sandin v. Conner, 515 U.S. 472, 483 (1995) (due process protections attach only to those punishments "that impose atypical and significant hardship on the inmate in relation to the ordinary incident of prison life"); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005) (no constitutional right to have grievances investigated or answered favorably). Plaintiff fails to state a cognizable claim against Warden Barber.

Plaintiff claims that Captain Benavidez failed to protect him when he presided over his disciplinary hearing concerning the altercation with Mr. Young and found him guilty. However, he does not suggest that Captain Benavidez was aware of the conflict between them *prior to* the altercation. Indeed, the only role alleged to have been played by Captain Benavidez was that he presided over plaintiff's disciplinary proceeding and found him guilty of fighting.[2] The fact that Captain Benavidez learned about the conflict between plaintiff and Mr. Young after the altercation does not suggest that this defendant had any knowledge that plaintiff was at a substantial risk of harm. Thus, plaintiff fails to state a claim against Captain Benavidez.

---

[2] Plaintiff acknowledged that he did not file a habeas petition challenging the disciplinary finding.

Finally, plaintiff has sued Grievance Investigator Castaneda, ostensibly because she gave plaintiff misinformation about a grievance he filed. He offers no evidence, however, to suggest that this defendant knew of a serious risk to plaintiff's safety and then ignored that risk. In fact, he is complaining about a grievance that he filed concerning the disciplinary case he received for fighting with Mr. Young, not alleging any fears that he is at risk of harm. Moreover, he has no constitutional right arising from his filing grievances, and defendant Castaneda's misinformation does not provide the basis for a cognizable claim. See Geiger, 404 F.3d at 374; see also Beall v. Johnson, 54 F. App'x 796, 2002 WL 31845615, at *1 (5th Cir. Dec. 12, 2002) (per curiam) (unpublished) (prisoner's allegation that he has a constitutionally protected right to have his grievance investigated and resolved is without merit because resolution of the grievance does not involve a "significant hardship ... in relation to the ordinary incidents of prison life.") (citing Sandin, 515 U.S. at 485-86). Accordingly, it is respectfully recommended that plaintiff's claim against this defendant be dismissed.

## E.     Plaintiff's Preliminary Injunction Against The McConnell Unit Defendants Is Moot.

Plaintiff claims that he does not feel safe at his current prison assignment, and he seeks a transfer off that unit. (D.E. 10). In addition, he seeks monetary damages against the Ferguson Unit officials he claims are failing to protect him. (D.E. 12).

The Ferguson Unit is located in Madison County, Texas, which is located in the Houston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(2). To the extent plaintiff seeks preliminary relief concerning his current housing, the Ferguson Unit officials are not defendants in this lawsuit, and even if they were, they would most likely raise valid objections as to personal

9

jurisdiction.[3]  Moreover, once plaintiff was transferred off the McConnell Unit, his claims for injunctive relief against the McConnell Unit officials became moot.  See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility).  Accordingly, it is respectfully recommended that the Court deny as moot plaintiff's claims for a preliminary injunction against the McConnell Unit defendants.

## IV.  RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the Court:

(1)   Dismiss with prejudice plaintiff's claims for money damages against defendants in their official capacities;

(2)   Retain plaintiff's Eighth Amendment failure to protect claims against Lieutenant L. Todd, Major E. Castro, and Lieutenant Wilson, and that service be ordered on these individuals;

(3)   Dismiss plaintiff's failure to protect claims against Warden Barber, Captain Benavidez, and Grievance Investigator Castaneda with prejudice for failure to state a cognizable constitutional violation; and

(4)   Deny as moot plaintiff's motion for a preliminary injunction, (D.E. 10).

Respectfully submitted this 21st day of September 2012.

                                                  BRIAN  L. OWSLEY
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Any claims for constitutional violations at the Ferguson Unit should be filed in the Houston Division as opposed to the Corpus Christi Division.

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 72(b) of the Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1); and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).