UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LORENZO GLENN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-12-237 |
| | § | |
| M. BARBER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO
<u>DENY THE MOTION FOR PRELIMINARY INJUNCTION</u>**

Pending before the Court is Petitioner's Civil Rights Complaint (D.E. 1) and "Motion to Request" seeking injunctive relief (D.E. 10).  On September 21, 2012, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 13), recommending that the Court dismiss certain claims, retain certain claims, and deny injunctive relief.  Plaintiff filed his Objections (D.E. 15) on October 9, 2012.

First, Plaintiff objects to the dismissal of claims against Warden Barber, in both his individual and official capacities.  He suggests that the Warden displayed deliberate indifference to his safety and violated his Eighth and Fourteenth Amendment rights because he failed to properly respond to his grievances.  Plaintiff further alleges that Warden Barber and his subordinates violated policies and procedures in filling out his Classification Plan, thus failing to obtain protective placement for him when he was transferred to the Ferguson Unit.

Plaintiff attaches as Exhibits two Step 1 grievances (signed by Warden Barber) and the two Step 2 grievances appealing the Step 1 decisions, all of which resolved Plaintiff's claims against him. Notably, the ruling on Grievance 2012147713, signed by Warden Barber, clearly states that Plaintiff failed to cooperate with the investigation of the grievance by refusing to supply names or identify witnesses. D.E. 15, p. 4. Plaintiff does not dispute this finding. Thus it fails to substantiate his claim that Warden Barber knew about real threats to Plaintiff's safety and deliberately disregarded them. The Grievance only reflects that Plaintiff made a complaint but did not back it up with facts. This cannot serve as the basis for a deliberate indifference claim against Warden Barber.

Grievance 2012191500 addressed the decision in the disciplinary case that found Plaintiff guilty of assault. D.E. 15, p. 8. Plaintiff does not now contest this decision on the merits but rather suggests that, as a result of learning of the circumstances of the assault charge, Warden Barber should have automatically concluded that Plaintiff (the perpetrator in that disciplinary case) was actually a victim, at substantial risk of serious injury or death. Plaintiff's argument does not follow. Warden Barber's function in investigating the Grievance was to determine whether there were due process or technical errors in finding Plaintiff guilty of assault. Having found the proceedings to have been properly conducted and the decision properly supported by evidence, nothing further is expected from such a grievance.

None of Plaintiff's arguments show that Warden Barber or his subordinates had actual knowledge or awareness of a real threat that would require certain action to protect Plaintiff either at the McConnell Unit or the Ferguson Unit. Nothing in Plaintiff's

Objections prevent sovereign immunity from eliminating his claim against Warden Barber in his official capacity.  Nothing in Plaintiff's Objections substantiate Plaintiff's argument that Warden Barber was deliberately indifferent to Plaintiff's safety or otherwise violated Plaintiff's constitutional rights.  Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff asks that his request for injunctive relief be retained, as he remains in fear in the Ferguson Unit.  Plaintiff fails to demonstrate any flaw in the Magistrate Judge's reasoning that Plaintiff's claim for injunctive relief is moot because he has been transferred out of the McConnell Unit (where the Defendants are located) and has been transferred into the Ferguson Unit (but has not sued anyone there).  Under these circumstances, Plaintiff has not demonstrated any cognizable connection between his complaints and his requested relief.  Plaintiff's second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court (1) **DISMISSES WITH PREJUDICE** the Plaintiff's claims for money damages against Defendants in their official capacities; (2) **RETAINS** Plaintiff's Eighth Amendment failure to protect claims against Lieutenant L. Todd, Major

E. Castro, and Lieutenant Wilson and **ORDERS** that service be made on these individuals; (3) **DISMISSES WITH PREJUDICE** Plaintiff's failure to protect claims against Warden Barber, Captain Benavidez, and Grievance Investigator Castaneda for failure to state a cognizable constitutional violation; and (4) **DENIES AS MOOT** Plaintiff's motion for preliminary injunction (D.E. 10).

ORDERED this 16th day of October, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE